[Civ. Nos. 58402, 58403. Second Dist., Div. Four. Jan. 21, 1981.]

# CONEJO RECREATION AND PARK DISTRICT,
Plaintiff and Appellant, v.
FRANK W. ARMSTRONG et al., Defendants and Respondents.

## COUNSEL

Christen Brun Henrichsen for Plaintiff and Appellant.

Dankert & Kuetzing and Thomas M. Dankert for Defendants and Respondents.

## OPINION

**LAIDIG, J.*** —These are appeals from a judgment dismissing without prejudice a proceeding in eminent domain and from an order denying a motion to tax costs.

On July 17, 1978, plaintiff and appellant Conejo Recreation and Park District, a California special district, filed a complaint in eminent domain to acquire approximately four acres of unimproved land situated adjacent to the district and owned by Robert H. Armstrong, Betty M. Armstrong, and the Armstrong Family Trust, defendants and respondents.

The complaint alleged inter alia, "On March 7, 1978, the Board of Supervisors of Ventura County, State of California, the supervising authority[1] for plaintiff herein, by its Resolution duly passed, granted plaintiff's request to exercise the right of eminent domain within the territory of plaintiff. . . ."

In their answer respondents stated that the resolution of the board of supervisors referred to, was passed "without notice to these answering defendants, in violation of the 'equal protection' and 'due process'

---

*Assigned by the Chairperson of the Judicial Council.

[1]Section 5780.1 of the Public Resources Code provides that the board of supervisors of the county in which a recreation district is located is the "supervising authority" of such district. Section 5782.5, subdivision (c) requires that a recreation district obtain approval of the supervising authority before exercising the right of eminent domain.

clauses of the Fifth Amendment of the Constitution of the United States and Article I Section 7 of the California Constitution. . . ."

The agreed facts showed that in late January 1978, the attorney for defendants was in written communication with both the City Attorney of the City of Thousand Oaks and the attorney for the recreation district. The attorney for the district was advised that the defendants were not acquiescing in the condemnation of the property in question and were not "waiving their right to contest the adoption of any Resolution. . . ." The correspondence also disclosed that the defendants had been attempting to develop on this land an eight-acre subdivision which had been delayed in the planning department of the City of Thousand Oaks for about eighteen months.

On February 2, 1978, by letter, the attorney for the district informed defendants' attorney that the district had instituted formal acquisition proceedings in regard to the property in question, but did not mention any dates on which proceedings were scheduled. Defendants' counsel at that time believed the "supervising authority" was the City of Thousand Oaks although in fact it was the Board of Supervisors of Ventura County.

Thereafter, without notice to defendants or their attorney, the matter was scheduled on February 21, 1978, before the county board of supervisors to obtain consent for the proposed condemnation action. The board of supervisors deferred the matter to March 7, 1978, and by letter to the attorney for the district requested additional information including: "1. The precise area and location of the property; 2. Details concerning the precise use to which the property is to be put; 3. What efforts, if any, were made to negotiate for the sale of the property; and 4. The reason for the necessity to hold up the processing of the parcel map concerning the property."

Without notice to defendants or their attorney, the matter came on again March 7, 1978, before the supervisors which enacted a resolution granting approval to the recreation district to exercise the right of eminent domain with respect to the property involved.

On May 18, 1978, the matter of condemnation of the property was placed on the agenda of the board of directors of plaintiff. Defendants obtained knowledge of this meeting and participated therein with their

attorney. The recreation district overruled the defendants' objections and adopted a resolution of necessity and for condemnation of the property.

Thereafter eminent domain proceedings were instituted and the matter came on regularly for trial in the superior court. Before the empaneling of a jury the court granted a defense motion for dismissal on the ground that the plaintiff district had not given notice to the defendants of its intention to appear before the board of supervisors and seek permission to condemn defendants' property; that this failure to give notice and the consequent inability of defendants to be heard before the board of supervisors deprived defendants of their constitutional right to due process of the law.

### ■ WERE DEFENDANTS DEPRIVED OF DUE PROCESS BY FAILURE OF THE DISTRICT TO GIVE NOTICE OF THE APPROVAL HEARING?

Appellant district asserts that because it complied with all the statutory requirements[2] prior to the hearing before its board of directors, the defendants have no cause to complain of lack of notice or due process; that the resolution of the board of supervisors was merely a perfunctory prerequisite to the proceedings before plaintiff's board of directors; that there could be no actual taking of the property until the resolution establishing necessity and authorizing acquisition of the property by condemnation was passed by the board of directors of plaintiff recreation district. Plaintiff also asserts that by lack of denial in their answer defendants admitted that the resolution of the board of supervisors was duly passed.

The contention last stated appears to overlook that portion of defendants' answer which states: "In connection with said paragraph 8 [of the complaint], these answering defendants specifically deny that said Board of Supervisors regularly passed said resolution of consent of [sic] which said plaintiff was empowered to condemn the real property in question."

---

[2]Neither of the parties has informed the court as to any statutory or administrative requirement with regard to notice of application under section 5782.5, subdivision (c) for authorization to institute eminent domain proceedings. The court has found none; nor does the record disclose that any notice, in any form whatsoever, was actually given.

This is an adequate denial of the allegation that the resolution duly passed.

Under the circumstances of this case, we believe there was an obligation on the part of plaintiff recreation district to notify the defendant landowner of the date, time, and place of the meeting of the board of supervisors at which it intended to seek approval for condemnation of the defendants' property. Defendants' counsel by his letter, to which we have referred, informed the recreation district that defendants wished "to contest the adoption of any resolution or to contest any condemnation of their property." Receipt of this communication was acknowledged by the attorney for the district in his letter dated February 2, 1978. Thus the plaintiff's attorney was aware that the defendant had made what amounted to a request for notice. The presentation of the matter to the board of supervisors thereafter, without notifying plaintiff or its counsel, was a subtle practice which should not be condoned. The critical importance of failure to give notice is emphasized by the action of the board of supervisors. Its request for the additional information to which we have referred indicates that the board of supervisors had reservations as to the merits of the proposed condemnation. There was a reasonable possibility that if the property owners and counsel had been given notice and been permitted to appear before the board of supervisors, the recreation district might not have been able to obtain the consent in question.

Section 5782.5, subdivision (c) of the Public Resources Code was not enacted without purpose. It appears obvious that on occasion the proper development of land within a county will be regarded differently by a recreation district than by a body having total integration and use of county resources as its objectives. That a landowner should have the right to speak when any matter relating to his property is considered by an agency possessing discretionary authority also appears self-evident. Appellant's contention that defendants' rights were fully protected by their ability to be heard at the meeting of the board of the recreation district ignores reality. Such districts are often committed to a single purpose and any appeal to "the greater good" will fall on deaf ears.

The case of *Horn v. County of Ventura* (1979) 24 Cal.3d 605 [156 Cal.Rptr. 718, 596 P.2d 1134], illustrates the concern with which courts regard the rights of owners of real property who are given no notice or inadequate notice of proceedings which may deprive them of

their property or interfere substantially with its use.[3] In *Horn* a property owner sought a writ of mandate to set aside the action of the county in approving a proposed subdivision of real property near the petitioner's property. The petitioner alleged that the county had exceeded its jurisdiction by approving the subdivision without giving constitutionally adequate notice of the proceeding. Regulations promulgated under the pertinent statute provided that notice could be given by the posting of documents at central public buildings and the mailing of notice to persons who had specifically requested it. The county had complied with the regulations.

The Supreme Court held that to be adequate notice must "at a minimum, be reasonably calculated to afford affected persons the *realistic opportunity* to protect their interests. [Citations.]" (Italics added.) (24 Cal.3d at p. 617.)

The court further observed: "The notice provided by the county's CEQA regulations fails to meet the foregoing standard. By limiting itself to the posting of environmental documents at central public buildings, and mailings of notice to those persons who specifically request it, the county has manifestly placed the burden of obtaining notice solely on the concerned individuals themselves. While such posting and mailing may well suffice to encourage the generalized public participation in the environmental decision making contemplated by CEQA, they are inadequate to meet due process standards where fundamental interests are substantially affected. Those persons significantly affected by a proposed subdivision cannot reasonably be expected to place themselves on a mailing list or 'haunt' county offices on the off-hand chance that a pending challenge to those interests will thereby be revealed." (24 Cal.3d at pp. 617-618.)

We therefore conclude that the failure to give notice in this matter denied defendants the opportunity to make a presentation to the board of supervisors. The letter of counsel informing defendants that acquisi-

---

[3]The court in *Horn* makes a distinction between governmental decisions which are *adjudicative* as opposed to those which are *legislative* in nature. The matter under consideration falls within the former category and all statements herein relate to proceedings which are of an adjudicative character. (See 24 Cal.3d at pp. 612-613.) Cf. *Arnell Development Co. v. City of Costa Mesa* (1980) 28 Cal.3d 511 [169 Cal.Rptr. 904, — P.2d —], in which the court held that an initiative measure which rezoned property on which permission for approval of a construction project was pending, thereby thwarting the proposal, was validly enacted by the electorate; that such action was legislative in character and not "adjudicatory."

tion proceedings had been commenced did not cast upon defendants the duty to ferret out the dates, times, and places where hearings might be conducted which would affect their interest. Under the circumstances here established they were entitled to notice.[4]

The case of *Weber* v. *City Council* (1973) 9 Cal.3d 950 [109 Cal.Rptr. 553, 513 P.2d 601], relied upon by plaintiff, concerns the alleged right to call an election prior to annexation of land by a city. It is not pertinent to the present inquiry.

## ■ WERE COSTS PROPERLY GRANTED BY THE TRIAL COURT?

After rendition of the judgment dismissing the proceedings without prejudice, defendants filed a cost bill. The court denied a motion to tax and strike the cost bill and allowed costs in the sum of $13,115.75. Included in the sum allowed were appraisal fees of $5,367.81, engineering fees of $300, legal fees of $7,383.94, and filing fees of $64.

In ruling on the motion the court considered the declarations of the defendant Frank W. Armstrong, his counsel Thomas M. Dankert in support of the cost bill, and of C. B. Henrichsen, plaintiff's attorney, in opposition to the cost bill.

With respect to eminent domain proceedings, Code of Civil Procedure, section 1268.610, subdivision (a)(1), captioned "Litigation Expenses," provides that the court shall award to the defendant his litigation expenses whenever the proceeding is "wholly or partly dismissed *for any reason.*" (Italics added.) Exceptions spelled out in the statute have no relevance to the present controversy.

Although the section states that the expenses should be awarded if the dismissal is "for any reason" appellant contends that the section is applicable only if the dismissal is "voluntary." Plaintiff argues that to allow costs in the situation before the court "would be a gross disservice

---

[4]Since no notice whatsoever was attempted in this case, we do not deem it necessary to delineate what type of notice would have been adequate. (See *Horn* v. *County of Ventura, supra*, 24 Cal.3d at p. 618.) See also *Kennedy* v. *City of Hayward* (1980) 105 Cal.App.3d 953, 962-963 [165 Cal.Rptr. 132], in which the court stated that notice to an association of which the landowner was a member was not adequate, that "... the *directly affected owner is entitled to a hearing that focuses on his particular concerns* ...." (Italics added.)

because under the circumstances of a dismissal without prejudice the condemning agency could, if it so desired, immediately commence proceedings anew." It could be argued with equal force that it would be unfair to permit an agency to cause a landowner the expense of preparation for condemnation proceedings but deny him his costs if the proceedings are aborted for any reason other than voluntary dismissal. We determine that the express terms of the statute should be observed.

Plaintiff also argues that the only allowable litigation expense should be that which is "reasonably and necessarily incurred." While we agree with this principle, we are not persuaded that any item falls within the proscribed unreasonable area. The matter was within the discretion of the trial court, which was properly exercised. (*Marocco v. Ford Motor Co.* (1970) 7 Cal.App.3d 84, 97, 98 [86 Cal.Rptr. 526].)

Under section 1235.140 of the Code of Civil Procedure defendants are entitled to litigation expenses incurred not only in the trial court but also "in any subsequent judicial proceedings." This will include both costs and attorney's fees in connection with this appeal. (See *Lake County Sanitation Dist.* v. *Schultz* (1978) 85 Cal.App.3d 658, 673, 674 [149 Cal.Rptr. 717].)

The judgment dismissing the action without prejudice and the order denying the motion to tax costs are affirmed. Upon remittitur defendants and respondents are to be allowed their litigation expenses including costs and attorneys' fees for the appeal.

Kingsley, Acting P. J., and Woods, J., concurred.